In the Matter of the Marriage of

BERNIER,
*Respondent,*
*and*

BERNIER,
*Appellant.*

(D85-0548; CA A41392)

745 P2d 1231

Gordon G. Carlson, Roseburg, argued the cause and filed the brief for appellant.

Karen G. Mays, Roseburg, argued the cause for respondent. With her on the brief was Luoma, Kelley, Wolke, Mays & Pollaczek, Roseburg.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Mother appeals a dissolution judgment that awarded her child support of $31 per month for each of the parties' two children. She argues that the support is too low and that the court erred by abating the child support obligations during father's visitation periods. We modify the judgment to increase the child support.

The two children are ages 11 and six. Father is a partner in a law firm. He earned $16,930 in 1985, but his income appears likely to increase in the near future. Mother is a school librarian. The trial court found that she earned $19,760 in 1985. However, the parties agree that that figure does not correctly reflect her income, because it includes a $6,000 settlement award from a law suit. Father estimates mother's future annual salary at $17,793, while she urges $13,760 as the proper figure.[1]

■■ Although mother has legal custody of the children, the parties have agreed on a visitation schedule which leaves the children in father's care about half the time. The visitation arrangement resembles joint custody. The trial court concluded that father's expenses while the children are with him should abate his child support obligation.[2] On that basis, the court determined that mother should receive $31 per month for each child. Although we agree with the principle that father's expenses for the children during visitation should be factored into the calculation of his total support obligation, we

---

[1] Mother based her estimate on her income for 1985. She was unemployed part of the year and worked as a caseworker for Adult and Family Services Division for 11 months.

[2] The trial court calculated the support under the *Smith* formula as follows:

| | |
|---|---|
| Children's needs | $695 per month |
| Father's income | $16,930 (46.14%) |
| Mother's income | $19,760 (53.85%) |
| Father's share of total support | $321 |
| Mother's share of total support | $374 |
| Father's share of monthly clothing and child care expense to be paid exclusively by mother | $115 |
| Mother's obligation in excess of father's | $53 |
| Amount of father's payment for two children | $62 |

conclude that the amount set by the trial court is insufficient to provide adequately for the children's welfare.

Due to the difficulty in accurately estimating father's future income, this case defies ready application of the formula for computing child support provided in *Smith v. Smith,* 290 Or 675, 626 P2d 342 (1981), or the special formula for computing child support in joint custody situations developed in *Belt and Belt,* 65 Or App 606, 672 P2d 1205 (1983), *modified* 68 Or App 42, 680 P2d 390 (1984). We conclude that, in view of all the circumstances, father ought to pay $65 per month for each child.

Judgment modified to require father to pay $65 support per month for each child beginning on the effective date of this decision; affirmed as modified. No costs to either party.